# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VICTORIA MEANS, TONIA MATNEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:10-CV-2-TS |
| ) | |
| DUNEDIN APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to File Supplemental Complaint [DE 11], filed on February 24, 2010. The Defendant opposes the Motion.

## BACKGROUND

In their original Complaint with Jury Demand [DE 1], filed on January 4, 2010, Plaintiffs Victoria Means and Tonia Matney sued the Dundedin Apartments to "vindicate rights guaranteed by the Fair Housing Act, 42 U.S.C. sec, 3604 and sec. 3608, together with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. sec. 794, and implementing rules under both statutes." (Pls.' Compl. ¶ 1.) The Plaintiffs allege that the Defendant violated these statutes when it sought to evict the Plaintiffs and failed to make reasonable accommodations for them. The Plaintiffs also lodge constitutional challenges to provisions of the Indiana statute that the Defendant invoked to evict the Plaintiffs. They contend that these statutes violate the Fourteenth Amendment of the United States Constitution and also violate Article I sec 12 and 23 of the Indiana Constitution. In addition, the Plaintiffs assert the following state laws claims: intentional infliction of emotional distress; breach of contract; and, trespass.

The Plaintiffs, who are sisters, live together in an apartment that they lease from the

Defendant. Their lawsuit stems from a separate legal action that the Defendant brought in the St. Joseph Superior Small Claims Division to evict the Plaintiffs through an Order of Immediate Release. The Plaintiffs believe that the Defendant sought to evict them after their apartment became temporarily "soiled" when one of the Plaintiff became ill with diarrhea while she was staying by herself in the apartment. (Pls.' Comp. ¶ 11.) The Plaintiffs assert in their Complaint that the eviction action remains pending, citing a January 8, 2010, immediate possession hearing that the Defendant requested, but they also acknowledge that after the Defendant requested that the hearing go forward, it stated that it no longer wanted to evict the Plaintiffs. (*Id.* ¶ 15.)

In their Motion to File Supplemental Complaint, the Plaintiffs move pursuant to Federal Rule of Civil Procedure 15(d) to "file their Supplemental Complaint in which they allege transactions, occurrences, and events that happened after the date of the original Complaint filed in this action." (Pls.' Motion 1.) The Plaintiffs proposed Supplemental Complaint adds two Defendants that were not named in the original Complaint: Attorney Bruce D. Huntington and the law firm of Botkin and Hall, LLP. Attorney Huntington is a partner in the Botkin and Hall law firm. He represents the Defendant in this matter as well as in the state court eviction proceeding. The Plaintiffs allege that these Defendants, along with Defendant Dunedin Apartments, committed the tort of abuse of process, and that Defendant Dunedin Apartments retaliated against the Plaintiffs. The Plaintiffs state that after they filed their federal lawsuit, the Defendant gave the Plaintiffs notice that their lease would not be renewed and that they should vacate their apartment at the termination of their lease, February 28, 2010. An immediate possession hearing, which the small claims court reset at a hearing on January 8, remained scheduled for February 8. In paragraph 20 of the proposed Supplemental Complaint, the

Plaintiffs allege the following facts in support of their abuse of process and retaliation claims:

> Defendant Dunedin, Attorney Huntington, and Botkin and Hall knew that an all-day hearing was set in Small Claims Court on February 8, 2010 on the issue of Dunedin's claim for immediate possession. Defendants also knew that (1) Plaintiffs were elderly individuals with disabilities; (2) travel by Plaintiffs to the Small Claims Court would be difficult and risky in early February because of weather conditions, because of limited public transportation services for individuals with disabilities, and because of the fragile medical conditions of both Plaintiffs; (3) Plaintiffs could be expected to summon witnesses for the hearing and had filed subpoenas for those witnesses; and (4) Plaintiffs' counsel could be expected to devote significant time in preparation of the hearing because of the urgency of prevention eviction of Plaintiffs.

(Pls.' Supp. Compl. ¶ 20, DE 11-1.) The Plaintiffs allege that all of the events described in paragraph 20 did indeed occur, and that the Defendant then appeared at the February 8 hearing only to announce that it would not seek immediate possession of the apartment, but would wait until the Plaintiff's lease expired, and that it took this action without giving any advance notice to the Plaintiffs or their counsel. (*Id.* ¶ 22.) The Plaintiffs' Supplemental Complaint describes the difficulties the Plaintiffs endured when the hearing did not go forward because the Plaintiffs had arranged transportation in anticipation that the hearing would last the entire day and the arrangements could not be changed on such short notice.

The Defendant opposes the Plaintiffs' Motion on grounds that it does not meet the requirements of a supplemental pleading under Rule 15(d), and it would be futile to allow the Plaintiffs to assert an abuse of process claim because it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

In their Reply, filed on March 29, the Plaintiffs assert that this case is still in the early stages of litigation and their pleading should be allowed under the liberal standard for supplementing pleadings. They also argue that it is not appropriate for the Defendant to argue

what is in effect a motion to dismiss under Rule 12(b)(6) and thus they "do no reply to those portions of the Dundedin response which attack the supplemental complaint." (Pls.' Reply 2, DE 19.)[1]

## STANDARD OF REVIEW

When a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to serve a supplemental pleading that sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Leave to supplement is not automatic. *See Glatt v. Chi. Park Dist.*, 87 F.3d 190 (7th Cir. 1996) (affirming a denial of leave to file supplemental pleading that appeared to be a belated effort to complicate and prolong the litigation). In deciding whether to allow a party to supplement its pleading, the court should consider the same factors that it would under Rule 15(a) to determine whether to grant leave, which should be freely given. *See id.* at 194. The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] The Defendant has moved to strike the Plaintiffs' Reply as untimely [DE 21]. The Plaintiffs note in their Response to Motion to Strike that the Defendant is improperly attempting to use Federal Rule of Civil Procedure 12(f), which only applies to pleadings, to strike a filing that is not a pleading.

**DISCUSSION**

The Plaintiffs' proposed Supplemental Complaint sets out events that occurred between January 8 and February 8, which was after the Plaintiffs filed their original Complaint. Thus, it satisfies the express requirements of Rule 15(d) that allegations related to "transactions, occurrences, or events that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In considering the fairness factors set forth in *Foman v. Davis*, the Court notes that the Plaintiffs did not delay in seeking to supplement their pleadings. The events of which they complain occurred on February 8, and they sought leave to supplement on February 24. The Defendant has not yet filed an Answer to the original Complaint or a motion to dismiss it. The Court discerns no undue prejudice that would be caused to the opposing party by allowing the new claims at this stage in the proceedings.

The Defendant argues that the Plaintiffs should not be allowed to supplement their Complaint because the new claim for abuse of process has "nothing whatsoever to do with the violation of any federal statute, the breach of lease, trespass or the constitutionality of various statutes and rules as alleged in the original Complaint." (Def.'s Opposition 3, DE 14.) Events that may be asserted in a supplemental pleading need not arise out of the same transaction or occurrence as the original claim, so long as they bear "some relationship" to the original pleading. 3 James Wm. Moore, *Moore's Federal Practice* § 15.30 (3d ed. 2008); *see also Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (citing *Moore's* for the proposition that in order to supplement a pleading, there must exist a relationship between the newly alleged matters and the original matters, but they need not all arise out of the same transaction). Here, the termination of the Plaintiff's lease and the events that took place during the eviction proceedings bear at least

some relationship to the Plaintiffs' challenges to the Defendant's initiation of those eviction proceedings in the first place. In addition, the Plaintiffs allege that retaliation occurred as a result of filing the original lawsuit. To force the Plaintiffs to file a new lawsuit to litigate what is essentially a continuation of their original suit would waste judicial resources. As described by one appellate court:

> [Rule 15(d)] is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963); *see also Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 226–27 (1964) (holding that a court should allow a supplemental pleading when it facilitates the efficient administration of justice).

Although allowing the abuse of process and retaliation claims to be asserted within this lawsuit would facilitate the efficient administration of justice, the Court must still consider whether another reason exists for disallowing the new claims. The Defendant maintains that the abuse of process claim should not be allowed on grounds that it would be futile to allow it. The futility of a claim is one of the factors that the Supreme Court has said a court must consider when deciding whether to allow amended pleadings. *Foman*, 371 U.S. at 182. The Plaintiffs' claim will be considered futile if it could not survive a motion to dismiss. *See Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (denying amendments that would not have withstood a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted).

6

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). To prevail on a motion to dismiss, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Under Federal Rules of Civil Procedure 8(a) the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim" *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir. 1999), and the "grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570 (stating that plaintiffs must nudge their claims across the line from conceivable to plausible). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). A count may also be dismissed under Rule 12(b)(6) if it includes particulars that show the plaintiff cannot possibly be entitled to the relief he seeks. *Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir. 1994).

### A. Futility of the Abuse of Process Claim

In Indiana, an abuse of process claim

> "requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish. The purpose for which the process is used is the only thing of importance." *Display Fixtures Co. v. R.L. Hatcher, Inc.*, 438 N.E.2d 26, 31 (Ind. Ct. App. 1982). As the U.S. Supreme Court noted in a case reviewing a claim brought under 42 U.S.C § 1983 by an Indiana inmate, "The gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486 n. 5 (1994).

*Nat'l City Bank, Ind. v. Shortridge*, 689 N.E.2d 1248, 1252 (Ind. 1997) ( parallel citations omitted); *see also Lindsay v. Jenkins*, 674 N.E.2d 324, 326 (Ind. Ct. App. 1991) (stating that a claim for abuse of process has two elements: "1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the regular conduct of the proceedings"). The Plaintiffs claim that Defendants Dunedin Apartments and their lawyers committed abuse of process when they caused an unnecessary hearing to take place, which that required the Plaintiffs to undertake the risk and difficulty of traveling to court on a winter day, to subpoena and compel the attendance of witnesses, and to prepare with their counsel for an anticipated all-day hearing. The Plaintiffs allege that the Defendants had an ulterior purpose and engaged in willful acts in the use of process that was not proper in the regular conduct of the proceeding.

The Plaintiffs' allegation that the Defendant engaged in acts in the use of process that was not proper in the regular conduct of the proceedings is a legal conclusion. Therefore, the Court need not accept it as true, and must examine whether the alleged facts allow the Court to draw the reasonable inference that the Defendant is liable for abusing the legal process. In discussion of this element of the tort, the Indiana Court of Appeals stated:

> This court has determined that a party may not be liable for abuse of process

> where legal process has been used to accomplish an outcome which the process was designed to accomplish. "A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." *Comfax Corp. v. North American Van Lines, Inc.*, 638 N.E.2d 476, 485 (Ind. Ct. App.1994). Put another way, "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Groen v. Elkins*, 551 N.E.2d 876, 878–79 (Ind. Ct. App. 1990), trans. denied. The views expressed in *Comfax* and *Groen* on this subject are the prevailing views and we reaffirm the principles expressed therein. Namely, an abuse of process claim contains two distinct elements, and a party must first establish that the defendant employed improper "process" before the court proceeds to an examination of the defendant's motivation.

*Reichhart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996). The facts most favorable to the Plaintiffs are that the Defendants went forward with an immediate possession hearing even though Dunedin Apartments had already decided that, instead of seeking eviction through the courts, it would wait until the lease expired and not renew it. This does not state a claim for abuse of process. The Plaintiffs have not alleged any facts to support a reasonable inference that the Defendants used the process for any purpose other than to evict the Plaintiffs from the Dunedin Apartments. Even if they had bad intentions when they waited until the day of the possession hearing to communicate Dunedin Apartments' position regarding renewal of the lease, eviction is the intended outcome of an immediate possession hearing, which is the authorized means to obtain an eviction. The acts of scheduling a hearing on the action for immediate possession and then deciding not to go forward with eviction, or waiting until the start of the hearing to first communicate conclusively the intent not to go forward, are not procedurally and substantively improper in the context of eviction proceedings. Any lack of communication, intentional or otherwise, between the parties' counsel was outside the purview of the rules governing the proceedings, i.e., was incidental to the process, and was a matter between counsel. Accordingly, the claim is without merit irrelevant of any bad intent of the

Defendants. *Reichhart*, 674 N.E.2d at 31.

**B.     The Retaliation Claim**

The Plaintiffs allege in their proposed Supplemental Complaint that Defendant Dunedin Apartments retaliated against them by terminating their lease and by their conduct at the February 8 hearing. The Defendant has not presented any argument in opposition to this claim, and the Court finds that the factors governing leave to file supplemental claims support allowing the Plaintiff to assert this claim in this cause.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion to File Supplemental Complaint [DE 11] is GRANTED IN PART and DENIED IN PART. The Plaintiffs are granted leave to file a Supplement Complaint that includes their retaliation claim against Defendant Dunedin Apartments. The Plaintiffs are directed to file their Supplemental Complaint within fifteen days of the issuance of this Opinion and Order. The Motion to Strike Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to File Supplemental Complaint [DE 21] is DENIED AS MOOT.

SO ORDERED on April 13, 2010.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION